IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMICA MUTUAL INSURANCE COMPANY,**<br><br>            **Plaintiff,**<br><br>      **vs.**<br><br>**KYLE MATTHEW FISCHER aka KYLE SIMMONS, et al.,**<br><br>            **Defendants.** | **No. CV-F-07-1410 OWW/DLB**<br><br>**ORDER VACATING HEARING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SET FOR MARCH 10, 2008 AND ORDERING FURTHER SCHEDULING CONFERENCE TO ESTABLISH BRIEFING SCHEDULE** |

**A scheduling conference was conducted in this action on January 17, 2008.  The Scheduling Order filed on January 17, 2008 provided:**

> **3.   The insurer intends to file a motion for summary adjudication and opposes any stay of the litigation pending the outcome to the underlying case [sic].**
>
> **4. Defendants shall have through and including February 1, 2008, to determine what information is necessary to respond to Plaintiff's motion for summary judgment.  The motion for summary judgment shall be filed and copies delivered to Defendants on or**

1

1     before January 18, 2008.

2     5.  If the parties are able to agree on a
      briefing schedule for Plaintiff's summary
3     adjudication motion, that schedule will be
      adopted upon stipulation and order of the
4     Court.  If the parties are unable to agree on
      a schedule for the hearing of the summary
5     judgment motion by virtue of the need to
      conduct discovery, a further Status
6     Conference shall be held in this case on
      February 15, 2008, at 8:15 a.m.  All parties
7     are authorized to appear telephonically at
      the next Status Conference.

(Doc. 27)

On January 18, 2008, Amica filed a motion for summary judgment, leaving the date for the hearing blank (Doc. 29).  On January 22, 2008, a Minute Order was issued by Courtroom Deputy Alice Timken:

   As the plaintiff has filed a motion for
   summary judgment, 29, in this matter, the
   Hearing re this motion has been set for
   3/10/2008 at 10:00 AM in Courtroom 3 (OWW)
   before Judge Oliver Wanger.

(Doc. 34).  Another Minute Order was issued by Courtroom Deputy Alice Timken on February 6, 2008:

   As there is a motion for summary judgment in
   this matter scheduled to be heard 3/10/2008,
   the Scheduling Conference currently set for
   2/15/2008 has been continued to 4/24/2008 at
   08:15 AM in Courtroom 3 (OWW) ....

Neither Defendants Kelly Simmons, Jason Simmons, Kyle Fischer aka Kyle Simmons, Michael Fischer aka Michael Simmons, each of whom is proceeding *in pro per*, have filed oppositions to

2

the motion for summary judgment.[1]  Defendant John Roe through Brenda Teixeira has filed a Statement of Non-Opposition to the motion for summary judgment.  The only defendant who has filed an opposition to the motion is John Roe through Sheila Callahan (referred to by Amica as the "federal John Roe" or as "John Roe I").  Because the Minute Orders issued by the Courtroom Deputy conflict with the Scheduling Order filed on January 17, 2008, this may be the reason for the failure of the other defendants to file any opposition.

Oral argument set for March 10, 2008 on Amica's motion for summary judgment is vacated.  *All* parties are ordered to appear on Friday, March 14, 2008 at 8:15 a.m. for a further status conference to establish the briefing schedule for Amica's motion for summary judgment.  All parties are authorized to appear telephonically.    IT IS SO ORDERED.

Dated:   March 6, 2008                       /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE

---

[1] **Rule 83-183(a), Local Rules of Practice, provides:**

> Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney.  Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules.  All obligations placed on 'counsel' by these Local Rules apply to individuals appearing <u>in propria persona</u>.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.